The opinion of the court was delivered by
DeBlanc, J.
On the 12th of October 1874, defendant, then a mortgage creditor of plaintiff, purchased — at a sale made by the sheriff to ■satisfy its claim, the property described in that officer’s deed, and— by said sale and purchase — defendant’s claim was but partly extinguished.
On the 15th of March 1875, the Insurance Company took a rule on the sheriff to be placed in possession of the property purchased by it 'in October 1874. The rule was made absolute, and — long after — on the 16th of November 1877, a writ of possession issued from the decree rendered in the rule. On the 26th of that month, the execution of that writ was enjoined by John Magner, on the ground that — on the 1st of June 1876 — he had acquired his creditor’s property at a tax sale.
That property was seized and sold by the State Collector for the ■taxes thereon levied and due in 1874, before the company had bought it at the sheriff’s sale. In the act which evidences the last-mentioned sale, •there is a declaration that the adjudicatee has retained — to be applied to the payment of those very taxes — the sum of 35139.55c.
How and from whom did the Tax-Collector seize the property ? Was 'it from John Magner, who — though he continued in possession of the .same — had then no title to it ? Was it from the company, after the *1358 formalities prescribed by law? On Whom were the demands made, the notices served ? We have found no evidence in the record relating to these'facts, and two titles are before us : by both, it is the interest of John Magner which is transferred — : in 1874, to the Insurance Company — in 1876, to John Magner himself.
When, at that date — he purchased and took title to that property, he knew that it had — nearly twenty months before — been acquired by the Insurance Company, which then was and is now its creditor, and he— most probably — knew that — in April 1875, a rule to place said purchaser in possession had been made absolute.
It is true that — out of the price of adjudication of the 12th of October 1874, the Insurance Company had retained an amount corresponding to that of the State taxes of that year, and which outranked its mortgage ; but it is also true that Magner was primarily liable for those taxes, and he could not — by the payment of his own, his acknowledged debt — evict his creditor and divest his title; nor can he successfully urge that — howsoever and under whatever circumstances it may have been made — the payment of such a claim by him, the debtor thereof, and of not a cent more than that claim, against the enforcement of which he was morally and legally bound to protect his creditor and his creditor’s property, could, can or did — as between them, constitute— in fact or in law — the payment of a price and the consideration of a forced sale of his creditor’s property, made for no other purpose than to satisfy a prior legal claim due to the State by the purchaser at that sale. I-Ie had the money to pay the taxes : he could have paid them before, as he did immediately after the sale : but he could certainly not — taking advantage of his own wrong, his own fault — acquire his creditor’s property, seized and sold for his own debt, and do this without paying a single dollar over and above the amount for which he — the debtor — was liable before the adjudication from the Oollector to him, before a sale which he had the means, and which it was his duty and obligation to prevent. •
The deed from the Oollector to Magner recites “ that after having complied with all the legal requisites, the Oollector seized and sold the property at public auction, and that John Magner being the last and highest bidder, it was adjudicated to him for the price of sixty-two dollars and forty-three cents.” 'What, according to the terms of the deed, was thus adjudicated? The right, title, and interest of John Magner in and to said property. At the date of that sale, and so far as disclosed by the record, he had no right, title or interest, in, on or to the same. He purchased, in 1876, what — to his knowledge — he had been divested of in 1874, by the foreclosure of a mortgage granted by himself, by the enforcement of his own obligation.
*1359 The taxes for which the property was seized and sold by the Collector were clue by John Magner before the sale from the sheriff to the Insurance Company, and at the date of the sale from the Collector to Magner. They were so due by him — if not to the State — to said company. As lately held by this court, the payment of the price of a sale made under such circumstances is but the payment of a claim for which the purchaser was liable before the sale; and he could not — by failure to comply with his obligation, by retaining the money with which he could have satisfied it — compel the enforcement of his own obligation, and derive, through that enforcement, by merely bidding and paying the amount of the tax due by him, a valid title to his creditor’s property.
30 A. ante.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.
Rehearing refused.